**FILED**
**FEBRUARY 20, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY MATZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) No. | **08 C 1046** |
| vs. | ) | |
| | ) | |
| ZEBRA TECHNOLOGIES CORP, | ) JURY TRIAL | **JUDGE SHADUR** |
| | ) | **MAGISTRATE JUDGE COLE** |
| Defendant. | ) | |

**COMPLAINT**

**AS AND FOR A FIRST CAUSE OF ACTION**
**(AGE DISCRIMINATION IN VIOLATION TO THE ADEA)**

NOW COMES the Plaintiff, EMILY MATZ ("Plaintiff"), by and through her attorney, MICHAEL T. SMITH & ASSOCIATES, and in complaining of the Defendant, ZEBRA TECHNOLOGIES CORP., ("ZEBRA or Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

2. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

3. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff is an adult person and a resident of Highland Park, Lake County, and State of Illinois.

5. Plaintiff was an employee of ZEBRA from December 1, 1997 to November 27, 2006 at which time Plaintiff was terminated.

6. ZEBRA is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq.*, and has been at all times material to the allegations herein.

## STATEMENT OF FACTS

7. Plaintiff was a mechanical engineer working on a project called Value Peel Pinnacle Project until she was replaced by a younger male operating from ZEBRA's Offices in Vernon Hills, Illinois.

8. At all times relevant, Defendant, has been and is now a Delaware corporation doing business in the State of Illinois and other surrounding States, and has continuously had and now have at least five hundred (500) employees.

9. Plaintiff was born on November 21, 1946, and falls within the group protected by the ADEA.

10. At all times material herein and hereinafter mentioned Defendant Corporation has engaged in and employed its employees in commerce and in the production of goods and services for commerce between points in many states. The Defendant was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADEA.

11. Defendant Corporation is an employer within the meaning of the ADEA.

12. On or about August 23, 2006, and continuously thereafter, while meeting the minimum standards of her employer, the defendant willfully discriminated against

plaintiff because of her age. Plaintiff reached 59 years of age before August of 2006.

13. Plaintiff was an employee of the Defendant Corporation for approximately 9 years covering the period from December 1, 1997 to November 21, 2006, until plaintiff terminated in violation of the ADEA.

14. As a result of Defendant's actions, the Plaintiff humiliated, embarrassed and subjected to unwarranted criticism. Further, she has been deprived of her wages and employment benefits.

15. In addition, the Plaintiff seeks to be reinstated, but if she is not reinstated, she will continue to be deprived of wages and employment benefits in the future. The Plaintiff is therefore entitled to an award of front pay if reinstatement is not possible.

16. The Defendant's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

## PROCEDURAL FACTS

17. Plaintiff protested her unlawful treatment and on October 23, 2006, filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago (EEOC), Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein. Efforts by that agency to obtain voluntary compliance by the Defendant with the Age Discrimination in Employment Act have been unsuccessful thereby causing the EEOC to issue a Notice of Right to Sue letter. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and incorporated herein.

18. This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue

## AS AND FOR A SECOND CAUSE OF ACTION
## (CIVIL RIGHTS ACT IN SEX DISCRIMINATION IN EMPLOYMENT)

19. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

20. Plaintiff seeks redress for sex discrimination (harassment) by the Defendant through its agents, in violation of her rights under the Civil Rights Act Title VII.

21. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seg.*, for the Defendant, ZEBRA having subjected Plaintiff to sex discrimination by failure to treat her the same as other non-female employees despite Plaintiff's repeated complaints about same.

22. Jurisdiction of this court is provided by 28 U.S.C. 1331 and 1343.

## STATEMENT OF CLAIMS

23. At all times relevant, Plaintiff reported to the Director of Mechanical Engineering, Jim Butzen.

24. At all times relevant, Plaintiff was meeting the legitimate expectations of ZEBRA.

25. Beginning in August of 2006 through November of 2007, her immediate supervisor, Jim Butzen, wrongfully harassed and deliberately accused Plaintiff of poor performance, Jim Butzen knowingly treated Plaintiff differently than other male employees, whose performance was the same as or, less than that of Plaintiff.

26. ZEBRA intentionally subjected Plaintiff to unequal and discriminatory treatment by discriminating and harassing Plaintiff based on her sex.

27. By engaging in discriminatory conduct, ZEBRA discriminated against Plaintiff in violation of 42 U.S.C. 2000(e) as amended.

28. The discriminatory action of Plaintiff as set forth above has caused Plaintiff to suffer losses of earnings, and as a further proximate result of ZEBRA's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff had been harmed in that Plaintiff has suffered in her position, her work environment had become impaired and her work performance had been impaired. As a further proximate result of ZEBRA's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by <u>inter alia</u> the Civil Rights Act of 1991. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

29. Further, said action on the part of the ZEBRA was done with malice and reckless disregard for Plaintiff's protected rights.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Title VII-NATIONAL ORIGIN DISCRIMINATION)

30. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. Defendant by its action or actions of it's' agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiffs employment and Plaintiff performance in his job and created discrimination based upon nationality, and a hostile and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991

32. By reason of the national origin discrimination of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

33. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(TITLE VII-RETALIATION)**

34. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. ZEBRA has intentionally retaliated against based upon filing of complaints with the Equal Employment Opportunity Commission (EEOC) on October 23, 2006, against Jim Butzen harassment and disparate treatment because of her sex and age, wherein ZEBRA's agents created a hostile and offensive work environment and terminating her employment in November of 2006, all in violation of Title VII of the Civil Rights Act of 1964, , as amended by, inter alia the Civil Rights Act of 1991, 42 U.S.C. Section 2000-e et seq.

36. By reason of the retaliation of ZEBRA, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

37. Further, said action on the part of the ZEBRA was done with malice and reckless disregard for Plaintiff's protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, EMILY MATZ prays for judgment as follows:

1. Declare the conduct engaged in by ZEBRA to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole for the losses caused by the violations of ZEBRA;

3. For compensatory damages in an amount according to proof;

4. For punitive damages based upon the wrongful conduct of ZEBRA;

5. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

6. For such other and further relief as the court deems proper.


EMILY MATZ


BY:/s/ **Michael T. Smith**
Michael T. Smith
Trial Attorney




Michael T. Smith 6180407IL
Attorney for Plaintiff
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626