IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMILY MATZ,<br><br>  Plaintiff,<br><br> v.<br><br>ZEBRA TECHNOLOGIES CORP.,<br><br>  Defendant. | No.  08 C 1046<br><br>Judge Milton I. Shadur |

### ANSWER TO COMPLAINT

  Defendant ZEBRA TECHNOLOGIES CORPORATION ("Zebra") (improperly identified in the Complaint as "Zebra Technologies Corp.") by and through its attorneys, Baker & McKenzie LLP, answers Plaintiff EMILY MATZ's Complaint as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### (AGE DISCRIMINATION IN VIOLATION OF THE ADEA)

### JURISDICTION AND VENUE

  1. Plaintiff brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

**ANSWER:** Zebra admits that Plaintiff's Complaint purports to assert a claim under the cited statute.  Zebra denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b) and venue 28 U.S.C. § 1331.

**ANSWER:**   Zebra admits that this Court has jurisdiction to hear claims brought under the Age Discrimination in Employment Act.  Zebra denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**ANSWER:**   Zebra denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

4.      Plaintiff is an adult person and a resident of Highland Park, Lake County, and State of Illinois.

**ANSWER:**   Zebra admits that Plaintiff is an adult person.  Zebra lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies the allegations.

5.       Plaintiff was an employee of ZEBRA from December 1, 1997 to November 27, 2006 at which time Plaintiff was terminated.

**ANSWER:**   Zebra admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. ZEBRA is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq.*, and has been at all times material to the allegations herein.

**ANSWER:** Zebra admits that it is an employer within the meaning of 42 U.S.C. 2000(e) *et seq*. Zebra lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies the allegations.

## STATEMENT OF FACTS

7. Plaintiff was a mechanical engineer working on a project called Value Peel Pinnacle Project until she was replaced by a younger male operating from ZEBRA's Offices in Vernon Hills, Illinois.

**ANSWER:** Zebra admits that Plaintiff was employed by it as a mechanical engineer and that Plaintiff worked on a project referred to as the Value Peel Pinnacle Project. Zebra denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. At all times relevant, Defendant, has been and is now a Delaware corporation doing business in the State of Illinois and other surrounding States, and has continuously had and now have [sic] at least five hundred (500) employees.

**ANSWER:** Zebra admits that it is a Delaware corporation conducting business in the State of Illinois, that it engages in the sale of products in surrounding states, and that it employs at least 500 employees. Zebra lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the allegations.

9.  Plaintiff was born on November 21, 1946, and falls within the group protected by the ADEA.

**ANSWER:** Zebra admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. At all times material herein and hereinafter mentioned Defendant Corporation has engaged in and employed its employees in commerce and in the production of goods and services for commerce between points in many states. The Defendant was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADEA.

**ANSWER:** Zebra admits that it employs employees and engages in commerce in various states, and that it engages in the production of goods and provides services in various states. Zebra lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the allegations.

11. Defendant Corporation is an employer within the meaning of the ADEA.

**ANSWER:** Zebra admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. On or about August 23, 2006, and continuously thereafter, while meeting the minimum standards of her employer, the defendant willfully discriminated against plaintiff because of her age. Plaintiff reached 59 years of age before August of 2006.

**ANSWER:** Zebra admits that Plaintiff reached 59 years of age before August of 2006. Zebra denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.    Plaintiff was an employee of the Defendant Corporation for approximately 9 years covering the period from December 1, 1997 to November 21, [sic] 2006, until plaintiff terminated [sic] in violation of the ADEA.

**ANSWER:**    Zebra admits that Plaintiff was employed by Zebra from December 1, 1997 to November 27, 2006.  Zebra denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.    As a result of Defendant's actions, the Plaintiff humiliated [sic], embarrassed and subjected to unwarranted criticism.  Further, she has been deprived of her wages and employment benefits.

**ANSWER:**    Zebra denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    In addition, the Plaintiff seeks to be reinstated, but if she is not reinstated, she will continue to be deprived of wages and employment benefits in the future.  The Plaintiff is therefore entitled to an award of front pay if reinstatement is not possible.

**ANSWER:**    Zebra admits that Plaintiff's Complaint purports to seek reinstatement.  Zebra denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    The Defendant's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

**ANSWER:**    Zebra denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## PROCEDURAL FACTS

17.     Plaintiff protested her unlawful treatment and on October 23, 2006, filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago (EEOC), Illinois.  A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein.  Efforts by that agency to obtain voluntary compliance by the Defendant with the Age Discrimination in Employment Act have been unsuccessful thereby causing the EEOC to issue a Notice of Right to Sue letter.  A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and incorporated herein.

**ANSWER:**    Zebra admits that it received a copy of a charge of discrimination filed by Plaintiff, a copy of which is attached to Plaintiff's Complaint.  Zebra further admits that it received a copy of a Notice of Right to Sue from the EEOC, a copy of which is attached to Plaintiff's Complaint.  Zebra denies that efforts by the EEOC to obtain voluntary compliance by Zebra with the Age Discrimination in Employment Act have been unsuccessful.  Zebra lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the allegations.

18.     This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue.

**ANSWER:**    Zebra lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the allegations.

## AS AND FOR A SECOND CAUSE OF ACTION
### (CIVIL RIGHTS ACT IN SEX DISCRIMINATION IN EMPLOYMENT)

19. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:** Zebra realleges and incorporates its responses to Paragraphs 1-18 of Plaintiff's Complaint as if fully set forth herein.

20. Plaintiff seeks redress for sex discrimination (harassment) by the Defendant through its agents, in violation of her rights under the Civil Rights Act Title VII.

**ANSWER:** Zebra admits that Plaintiff's Complaint purports to assert a claim of sex discrimination and/or harassment under the cited statutes. Zebra denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by <u>inter</u> <u>alia</u> the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seq*., for the Defendant, ZEBRA having subjected Plaintiff to sex discrimination by failure to treat her the same as other non-female employees despite Plaintiff's repeated complaints about same.

**ANSWER:** Zebra admits that Plaintiff's Complaint purports to assert claims of sex discrimination under the cited statutes. Zebra denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Jurisdiction of this court is provided by 28 U.S.C. 1331 and 1343.

**ANSWER:** Zebra admits that this court has jurisdiction to hear claims pursuant to 28 U.S.C. Sections 1331 and 1343. Zebra denies the remaining allegations of Paragraph 22 of Plaintiff's Complaint.

### STATEMENT OF CLAIMS

23. At all times relevant, Plaintiff reported to the Director of Mechanical Engineering, Jim Butzen.

**ANSWER:** Zebra admits that, during Plaintiff's employment with Zebra, Plaintiff reported to Director of Engineering, Jim Butzen. Zebra denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. At all times relevant, Plaintiff was meeting the legitimate expectations of ZEBRA.

**ANSWER:** Zebra denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Beginning in August of 2006 through November of 2007, her immediate supervisor, Jim Butzen, wrongfully harassed and deliberately accused Plaintiff of poor performance, Jim Butzen knowingly treated Plaintiff differently than other male employees, whose performance was the same as or, less than that of Plaintiff.

**ANSWER:** Zebra denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. ZEBRA intentionally subjected Plaintiff to unequal and discriminatory treatment by discriminating and harassing Plaintiff based on her sex.

**ANSWER:** Zebra denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. By engaging in discriminatory conduct, ZEBRA discriminated against Plaintiff in violation of 42 U.S.C. 2000(e) as amended.

**ANSWER:** Zebra denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. The discriminatory action of Plaintiff as set forth above has caused Plaintiff to suffer losses of earnings, and as a further proximate result of ZEBRA's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff had been harmed in that Plaintiff has suffered in her position, her work environment had become impaired and her work performance had been impaired. As a further proximate result of ZEBRA's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. All [sic] in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by <u>inter alia</u> the Civil Rights Act of 1991. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

**ANSWER:** Zebra denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Further, said action on the part of the ZEBRA was done with malice and reckless disregard for Plaintiff's protected rights.

**ANSWER:** Zebra denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Title VII-NATIONAL ORIGIN DISCRIMINATION)

30. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:** Zebra realleges and incorporates its responses to Paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

31. Defendant by its action or actions of it's' [sic] agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiffs [sic] employment and Plaintiff [sic] performance in his [sic] job and created discrimination based upon nationality, and a hostile and offensive work environment.  All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c *et seq*; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

**ANSWER:** Zebra denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. By reason of the national origin discrimination of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

**ANSWER:** Zebra denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

**ANSWER:** Zebra denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (TITLE VII-RETALIATION)

34. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:** Zebra realleges and incorporates its responses to Paragraphs 1-33 of Plaintiff's Complaint as if fully set forth herein.

35. ZEBRA has intentionally retaliated against [sic] based upon filing of complaints with the Equal Employment Opportunity Commission (EEOC) on October 23, 2006, against Jim Butzen [sic] harassment and disparate treatment because of her sex and age, wherein ZEBRA's agents created a hostile and offensive work environment and terminating [sic] her employment in November of 2006, all in violation of Title VII of the Civil Rights Act of 1964, as amended by, <u>inter alia</u> the Civil Rights Act of 1991, 42 U.S.C. Section 2000-e *et seq*.

**ANSWER:** Zebra denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. By reason of the retaliation [sic] of ZEBRA, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

**ANSWER:** Zebra denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Further, said action on the part of the ZEBRA was done with malice and reckless disregard for Plaintiff's protected rights.

**ANSWER:** Zebra denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendant ZEBRA TECHNOLOGIES CORPORATION ("Zebra"), by and through its attorneys, Baker & McKenzie LLP, as affirmative and/or other defenses to Plaintiff EMILY MATZ's allegations, states as follows:

1. Plaintiff has failed in whole or in part to state a claim upon which relief may be granted.

2. To the extent that Plaintiff relies upon conduct or actions that occurred beyond the applicable statutes of limitation, Plaintiff's claims are barred, in whole or in part, by such statutes of limitation.

3. All actions taken by Zebra with regard to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

4. Plaintiff's claims for relief may be barred, in whole or in part, by Plaintiff's failure to seek gainful employment at a comparable wage in a timely manner or with diligence, and her damages, if any are awarded, should be reduced to the extent she failed to mitigate her damages, and/or to the extent she was precluded from working or seeking employment for any reason.

5. Plaintiff is not entitled to recover punitive damages because Zebra may not be vicariously liable for discriminatory or retaliatory employment decisions of managerial agents

because those decisions, if any, were contrary to Zebra's good faith efforts to comply with federal, state and local laws.

6. Plaintiff is not entitled to punitive or exemplary damages because Zebra has made "good faith" efforts to comply with all federal, state and local laws.

7. Plaintiff has failed to allege, and cannot prove, that she has suffered any harm or incurred any damages that would permit recovery of the relief she has requested.

8. Plaintiff's alleged damages, if any, must be set off and/or reduced by wages, compensation, and other remuneration and benefits received by Plaintiff.

9. Plaintiff may be barred from recovery in this action under the doctrine of after-acquired evidence.

10. Zebra reserves the right to assert additional affirmative defenses and other defenses as they become known through the course of discovery.

**WHEREFORE,** Zebra respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that a judgment be entered in favor of Zebra, that Plaintiff be denied any relief, and that Zebra be awarded all costs and attorneys' fees incurred in this action and such other relief as this Court deems just and proper.

Dated: March 24, 2008                     Respectfully submitted,

                                          */s/ Stephanie L. Sweitzer*
                                          One of the Attorneys for
                                          ZEBRA TECHNOLOGIES CORPORATION

Brian S. Arbetter
Thomas F. Hurka
Stephanie L. Sweitzer
BAKER & MCKENZIE LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601
Tel: + 1 312 861 8000
Fax: + 1 312 861 2899

## CERTIFICATE OF SERVICE

      I hereby certify that on March 24, 2008, I electronically filed the foregoing Defendant Zebra Technologies Corporation's Answer to Complaint and Affirmative Defenses, and Notification of Affiliates with the Clerk of the United States Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system.  Service of Defendant Zebra Technologies Corporation's Answer to Complaint and Affirmative Defenses, and Notification of Affiliates on the following attorneys of record was accomplished through notice of electronic filing:

                Michael T. Smith
                440 W. Irving Park Road
                Roselle, IL 60172



                                      */s/ Stephanie L. Sweitzer*

Brian S. Arbetter
Thomas F. Hurka
Stephanie L. Sweitzer
BAKER & MCKENZIE LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601
Tel: + 1 312 861 8000
Fax: + 1 312 861 2899
ATTORNEYS FOR DEFENDANT
ZEBRA TECHNOLOGIES CORPORATION

CHIDMS1/2604475.3