```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

EMILY MATZ,                           )
                                      )
              Plaintiff,              )
                                      )
     v.                               )    No.  08 C 1046
                                      )
ZEBRA TECHNOLOGIES CORP.,             )
                                      )
              Defendant.              )
```

## MEMORANDUM ORDER

Zebra Technologies Corporation ("Zebra," designated in the Complaint as a "Corp." rather than "Corporation") has filed its Answer, including Affirmative Defenses ("ADs"), to the employment discrimination action brought against it by its ex-employee Emily Matz ("Matz").  This memorandum order is issued sua sponte because of some flaws in that responsive pleading.

To begin with, although Answer ¶¶4, 6, 8, 10, 17 and 18 conform properly to the disclaimer called for by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the basis for obtaining the benefit of a deemed denial of certain of Matz's allegations, those paragraphs then proceed impermissibly to state "and therefore denies the allegations."  That of course is oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in the objective good faith that is required by Rule 11(b)?  Accordingly the quoted phrase is stricken from each of those paragraphs of

the Answer.

As for the ADs, Zebra's counsel would do well to read App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Various of the ADs are at odds with the principles of Rule 8(c) and the cases applying it, as explained briefly in App. ¶5:

    1. AD 1 essentially sets out a Rule 12(b)(6) motion, which is not only on doubtful paper as an AD but is also without substantive merit when all of Matz's allegations are taken as true (as is required for that purpose). AD 1 is therefore stricken.

    2. AD 2 is a bare bones assertion of a possible but unidentified statute of limitations defense (for that purpose the opening "To the extent..." locution is a sure tipoff as to its uninformative nature). AD 2 thus fails to satisfy the notice pleading standard that applies to defendants as well as plaintiffs, and it is also stricken (this time, however, without prejudice to a prompt reassertion of any limitations defense, fleshed out sufficiently to inform Matz's counsel and this Court of just what is claimed).

    3. AD 3 violates the most fundamental concept of an AD, for it is totally at odds with Complaint ¶¶12, 16, 25, 26 and 31. It too is stricken.

    4.  AD 9 is advanced in a totally speculative manner, and it is stricken as well (again without prejudice to the possibility of its prompt assertion in an appropriately fleshed-out manner, failing which no such defense will be considered).

    5.  AD 10 seeks a blank check, the issuance of which this Court limits to Mrs. Shadur.  It too is stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 25, 2008